ASA SCOTT

*v.*

HENRY BRYSON.

1. TRESPASS — *when it lies.* Trespass is a possessory action, and the plaintiff must, at the time the injury is committed, have an actual or constructive possession as well as a general or special property in the chattel injured, carried away or destroyed, in order to maintain the action; and

though the possession be tortious, yet trespass lies against a stranger who divests such possession.

2. EXEMPLARY DAMAGES — *in trespass.* Where a landlord takes his tenant's corn under an honest belief that he has the right to sell the same and divide the proceeds, without any notice of a division by the tenant, exemplary damages should not be given against him in an action of trespass by the tenant.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the appellant.

Messrs. KILGOUR & MANAHAN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The declaration in this case was in trespass *de bonis asportatis,* for taking and carrying away a quantity of corn. Plea, the general issue.

Trespass is a possessory action; and the plaintiff must, at the time of the injury committed, have an actual or constructive possession of, as well as a general, special, or qualified property in, the chattel injured, carried away or destroyed, in order to maintain the action; and though the possession be tortious, yet trespass may be maintained against a stranger who divests such possession.

The theory of plaintiff, Bryson's, case was, that he worked Scott's farm on shares, from the spring of 1872, and was to have half the crops, the small grains to be divided at the machine, the corn to be divided in the field and put in cribs. He testifies that this was the contract under which he tilled the land, and that he divided the corn in the rows. Scott, the defendant, took no part in the division, and did not know that plaintiff had made one. The cribs were all under one roof, were really one, but divided into several compartments. Scott shelled the corn which plaintiff claims to have set apart as his own, and hauled it off, except about thirty-five bushels, to Sterling and sold it.

The action was brought for taking away this corn. Scott testifies that the agreement, under which the corn was raised, was, that he was to furnish tools and seed and Bryson the labor and teams. The latter was to live on the place one year, was to raise the crops, etc., and put the corn in the cribs. That the grain was all to be his, Scott's, when it was put into the cribs, and he was to allow Bryson the prices at Sterling for one-half of it. The defendant introduced evidence of the declarations of Bryson to several persons to the same effect. These declarations were denied by Bryson, and it appeared, by uncontroverted evidence, that the parties did, in fact, divide oats and wheat in the manner Bryson testified they were to be divided. Under these circumstances and this conflict of evidence the jury found for the plaintiff, and assessed his damages at two hundred and fifty dollars, and the court, overruling defendant's motion for a new trial, gave judgment upon the verdict, from which defendant took an appeal to this court.

The parties do not disagree in their testimony that Bryson was to work Scott's land on shares, and was to have half the crop. Nor does the defendant deny that by the agreement the crops were to be divided as stated by plaintiff; but his version of the transaction was, that, when so divided, the whole were to belong to him and he was to pay plaintiff, for his share, the price at Sterling.

The bill of exceptions purports to contain all the evidence, but contains no instructions, so that we cannot judicially know what rule of law was laid down by the court as to the measure of damages. The evidence, however, is uncontradicted that the quantity of corn taken and sold by Scott, was just eight hundred bushels, and that the market value was twenty-two cents per bushel. Laying out of view, therefore, the defendant's evidence, tending to show an agreement with the plaintiff that he, the defendant, was to have the right to sell the corn and allow the plaintiff the market price at Sterling, the judgment exceeds the actual damages proven, by the sum of seventy-four dollars. This finding can be justified only upon the ground of

the excess being for smart money or punitive damages. We have examined this record with care, and find in the testimony no basis for punitive damages. If Bryson made the division, as he testifies, he gave Scott no notice of the fact; nor did he inform him which compartment of the crib contained his (Bryson's) share and which Scott's. There is a strong preponderance of evidence that Scott took the corn in question under a claim of right, made in good faith. He testifies himself that the original agreement was, that he was to have plaintiffs' share, and allow him the market price at Sterling for it. Several other witnesses testify to plaintiff's admissions to the same effect. This evidence stands opposed only by plaintiff's unsupported testimony. Under such a state of the case it would be a perversion of the principle upon which the rule allowing punitive damages rests, to permit this verdict to stand. The court below erred in not granting the defendant's motion for a new trial, and for that error the judgment must be reversed and the cause remanded

*Judgment reversed.*