## SOLOMON SILVERMAN
### v.
## MARY McGRATH.

1. BAILMENT—PLEDGE.—Where a vendee at the time of purchasing goods, agrees with the vendors to deliver to them other property as security for the deferred payment, and delivers such property in pursuance of such agreement, she can not afterwards maintain an action against them for taking and carrying away such property, nor will she be entitled to the return of it, without first tendering the amount remaining unpaid.

2. PLEDGE—DELIVERY.—It is of the essence of the contract that there should be a delivery of the pledge. However strong may be the engagement to deliver, the pledgee acquires no right of property until delivery; but what will amount to delivery, is in many cases matter of law.

3. DAMAGES FOR TAKING—VINDICTIVE DAMAGES.—If there had been an agreement to deliver the pledge, which the pledgor afterwards refused to carry out, and the pledgee notwithstanding such refusal, took the pledge upon a *bona fide* claim of right, it would not make a case for vindictive or exemplary damages.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed January 19, 1882.

This was trespass for taking and carrying away a sewing-machine brought by appellee, McGrath, against appellant, Silverman, and one Wurtzburger, the latter not being served with process. On appeal to the circuit court, the case was there tried before a jury. The plaintiff testified that her husband bought the machine in the fall of 1871, paying $99.50 therefor; that she had used it but a few times; that her husband was dead; that in the fall of 1877 the defendants came to her store to deliver some cigars she had bargained for; they amounted to but $21.50, on which she paid $10.00; that the the defendants took the sewing-machine which was there in the store, and carried it off without her consent. The evidence of plaintiff's daughter was given, and it tended to corroborate her.

The defendant, Silverman, testified that plaintiff came to

their office, 150 Randolph St., and bargained for cigars, amounting to $32.50, and there agreed to pay $10 cash on delivery of the cigars, and to place in defendant's hands the sewing-machine which she had in her store, as security for the balance of the bill, which she expected to pay in a short time; that on the next day, Oct. 27, 1877, · defendants delivered the cigars to plaintiff at her store, receiving the $10 cash, and plaintiff delivered to them the sewing-machine, but requested them to take it out the back, instead of the front way, which they refused to do, and took·it the front way and to their store. Appellant also proved that in December, 1877, they recovered against appellee a judgment of $22.50, as the balance of said bill, due personal service of process being shown, on which there had been realized only $8.65. Appellant also introduced one Stromberg as a witness, who testified that at the time of selling· the cigars to plaintiff below, he occupied a part of the same store with Silverman and Wurtzburger; that he heard the bargain as to her placing the machine in their hands as security for balance of bill, giving detail of circumstances. Plaintiff below was recalled in rebuttal, but did not profess to deny any of the transactions, circumstances or conversations, testified to by Silverman and Stromberg. The appellant gave evidence tending to show that the sewing-machine, at the time it was taken, was not of a value sufficient to secure the balance of said debt.

The court gave to the jury the following, which was the only instruction given:

"If the jury believe from the evidence that the defendant and one Louis M. Wurtzburger entered upon the premises of the plaintiff, and wrongfully took and carried away the sewing-machine in question, the same being then the property of the plaintiff, and being lawfully in her possession, then the law is for the plaintiff, and she is entitled to a verdict for such damages, not exceeding $200, as the evidence shows she has sustained by such taking and carrying away of said machine. And the court further instructs the jury, that if the evidence satisfies you that such taking and carrying away was done by defendant and said Wurtzburger wantonly, willfully or maliciously,

then, in addition to the actual damages, you may award vindictive or exemplary damages, which including the actual damages, can not exceed $200."

The jury found for the plaintiff, and assessed her damages at $200, on which the court, overruling the defendant's motion for new trial, gave judgment, and the latter brings the case here by appeal.

Messrs. MOSES & NEWMAN, for appellant; that where the evidence is conflicting, the jury should be properly instructed, cited Wabash R. R. Co. v. Henks, 91 Ill. 406; Ruff v. Jarrett, 94 Ill. 475.

An instruction which assumes as true a controverted fact, is erroneous: Warren v. Wright, 3 Bradwell, 611; Dart v. Horn, 20 Ill. 212; O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 359; Chicago v. Bixby, 84 Ill. 82.

It was error to award exemplary damages: T. P. & W. R. R. Co. v. Patterson, 63 Ill. 304.

Mr. ALEXANDER CLARK, for appellee; in support of the instruction, cited Belt v. The People, 97 Ill. 461.

MCALLISTER, J.   If Mrs. McGrath, at the time she bargained for the cigars, agreed with the sellers, Silverman and Wurtzburger, to pay them ten dollars cash on delivery of the goods, and to place in their hands the sewing-machine in question as security for the balance of the bill, which was conclusively shown by a valid judgment to have been $22.50, until such balance was paid, and she actually delivered the machine to them in pursuance of that agreement, then it is clear, she could maintain no action against them for taking and carrying away the machine; nor would she be entitled to a return of it, without tendering the amount of such bill or account remaining unpaid.

The bill of exceptions contains all the evidence given on behalf of the respective parties below, and we have carefully examined it.   We think it is not only shown, by a clear preponderance of the evidence, that she did agree to so place the machine in the hands of her then contemplated creditors, as

security, but there is, in point of fact, no testimony really in
conflict with that evidence.    The defendant, Silverman, states
time, place, and details of conversation.    He is corroborated by
Stromberg, who in like manner specifies circumstances, and
gives particulars as to conversations tending to prove such
agreement; and when plaintiff was recalled after all this testi-
mony was in, she does not attempt to deny the conversations,
any part of them, or any of the circumstances.    To us, the con-
clusion is irresistible that such an agreement was made.    The
agreement itself would not complete the relation of pledgor
and pledgee.    "It is of the essence of the contract, that there
should be an actual delivery of the thing to the pledgee; until
delivery of the thing, the whole rests in an executory contract,
however strong may be the engagement to deliver it, and the
pledgee acquires no right of property in the thing.    What will
amount to a delivery of the thing, is, in many cases, matter of
law."    Story on Bailments, 8th Ed. § 297.

It may be conceded that there was a conflict of evidence
upon the question of delivery.    The plaintiff testified that
defendants took it by force, and against her consent, while
Silverman testified that she delivered it to them, but requested
them to take it out the back, instead of the front way.    When
plaintiff is recalled she does not deny this.    Under such state
of case, the court instructed the jury that if the evidence
satisfied them that the taking and carrying away was done by
defendant and Wurtzburger, wantonly, willfully or maliciously,
then, in addition to the actual damages, they might award vin-
dictive or exemplary damages; but all such damages, including
the actual damages, could not exceed two hundred dollars.

We think that branch of the instruction was manifestly
erroneous, in view of the circumstances of the case.    The plain-
tiff testified that she did not offer to return the goods purchased
when she refused to let the sellers take the machine.    As-
suming, as we have a right to, that the agreement to give the
machine in pledge to secure the balance of $22.50 when the
goods were delivered was actually made, and that when they
were delivered, plaintiff retained them, but refused, without
cause or justification, to deliver the pledge as agreed, and the
sellers took it notwithstanding such refusal, is that a proper

case for vindictive damages? The sellers may have acted upon a *bona fide* claim of right. If the instruction had been that they took the machine willfully, and without any *bona fide* claim of right, it might have been sustainable. But no such hypothesis is contained in it. Scott v. Bryson, 74 Ill. 420.

As before stated, it was a controverted question of fact, whether or not the plaintiff had delivered the machine to the defendant and Wurtzburger, under the agreement to place it in their hands as security for the balance on the goods they had sold her, of $22.50. If she had so delivered it, then, although the general property in the thing would remain in her as the pledgor, yet the defendant and Wurtzburger would thereby acquire a special property in it, as pledgees, which would prevent a recovery by her against them as for a wrongful taking and carrying it away. Story on Bailments, § 287, and cases in note 4.

By the first branch of the instruction above referred to, the jury were told, that " if the jury believed from the evidence that the defendant, and one Louis M. Wurtzburger, entered upon the premises of the plaintiff, and wrongfully took and carried away the sewing-machine in question, the same being then the property of the plaintiff, and being lawfully in her possession, then the law is for the plaintiff," etc. This part of the instruction was clearly erroneous, and was calculated to mislead the jury; because, first, it assumes that the property in the machine was in the plaintiff; that is, the entire property, thus suggesting to them as the opinion of the court, that the defendant had no interest therein; because, secondly, it assumes that at the time the machine was taken, it was in the lawful possession of the plaintiff. If it was in her lawful possession, then, of course, it had not been delivered by her to defendant and Wurtzburger, under the agreement to place it in their hands as a pledge. So that, in effect, the instruction assumes the vital fact in issue, as to which the evidence was conflicting. That this was error, has been so often decided as to make any reference to authorities unnecessary. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.