## Charles Cole, Appellee, v. Fred E. Schweer, Appellant.

FISHERIES—*who not entitled to release catch.* Notwithstanding a catch is made by a trespasser, a stranger to the owner of the riparian rights is liable for damages if he wilfully releases the catch made.

Appeal from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

MILTON McCLURE, for appellant.

J. JOSEPH COOKE, for appellee; A. A. LEEPER, of counsel.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee herein was engaged in the fishery business along the Illinois River. Through his employes he placed a seine in the body of water known as Wood Slough; this body of water had never been meandered by the government. It is conceded that the Beardstown Fish Company owned all of the land covered by this slough or body of water with the exception of the southeast quarter of the northwest quarter and the southwest quarter of the northwest quarter of section 35, town 19 north, range 12, Cass county. That portion of Wood Slough which was contained within the boundaries of the southwest quarter of the northwest quarter of section 35 was known as "No-Man's Land" or Bradley tract; and the southeast quarter of the northwest quarter, of said section 35, at the time of the injury complained of was owned by Christie & Lowe and was known as the Christie & Lowe tract.

The record discloses that appellant and the Beardstown Fish Company had been in the habit of seining in the waters on the Christie & Lowe tract and were

notified by Christie & Lowe that they must discontinue seining that body of water until some arrangement was made concerning it, either by rental or purchase of the fishery rights therein.

The Beardstown Fish Company, through T. K. Condit, entered into negotiations for the purchase of this tract of land from Christie & Lowe, but no deed of conveyance had been delivered to them and they had not obtained the fishery rights in these waters at the time of the injury complained of. After negotiations to purchase the Christie & Lowe tract had been begun and before any deed or contract had been delivered by Christie & Lowe to Condit for the benefit of the Beardstown Fish Company, appellee on the twenty-ninth day of January, 1909, by his employes, cast his seine in the waters included within the boundaries of the land owned by Christie & Lowe, and "No Man's Land." Appellant had then secured no fishery rights from Christie & Lowe. There is some conflict in the evidence as to whether or not in placing the seine, making the haul, some portion of the seine passed through or was in a portion of the waters on the land owned by the Beardstown Fish Company. There is also a conflict in the evidence as to the amount of fish gathered in the seine by the haul made by the employes of appellee. After the seine had been placed and the attempt at landing made, the employes of appellee, owing to its being so late in the day, decided to leave the fish in the seine until the following morning. The employes of the Beardstown Fish Company and appellant were present, watched the haul by appellee, and made no claim or complaint that it was being hauled through any portion of the waters of the Beardstown Fish Company. After the seine had been made secure so as to retain the fish until the following morning appellant with other members and stockholders of the Beardstown Fish Company and who were then negotiating for the purchase of the Christie

& Lowe tract of land, during the evening of the twenty-ninth of January took a boat, went into the waters of either Christie & Lowe or "No Man's Land," lifted or moved the seine, so made secure by appellee, and thereby freed and released from the seine the fish containd therein. At the time that these fish were released, they were not upon the land of the Beardstown Fish Company and were not in any waters or upon any land over which the Beardstown Fish Company or appellant had any greater right than did appellee.

Appellee brought his action against all of the members of the Beardstown Fish Company for damages for releasing and permitting to escape the fish which he had caught and then held captive confined within his seine. Before the trial was finally concluded, appellee dismissed his suit as to all defendants except appellant herein. The trial below resulted in a verdict against appellant and in favor of appellee for $500 and it is to reverse this judgment this appeal is prosecuted.

In the trial court the only justification relied on for the act of appellant in releasing the fish was that he claimed to have the exclusive fishery right within all of the waters of Wood Slough with the exception of "No Man's Land," and that at least a portion of the captive fish were caught in the waters of the Beardstown Fish Company.

The questions as to where the seine was first placed by appellee and whether any part of the haul was made within the waters over which appellant or the Beardstown Fish Company owned the fishery right and the question of the amount of fish contained iu the seine were questions of fact as was also the question whether appellant or the Beardstown Fish Company owned the exclusive fishery rights in these waters and the burden of proof was upon appellant to establish these facts by the evidence.

The deed from Christie & Lowe to Condit for the benefit of the Beardstown Fish Company had not been delivered and they had received no conveyance for the land designated as the Christie & Lowe tract; neither had they secured any right of fishing there. Lowe, who conducted the negotiations for the sale of the Christie & Lowe tract, is positive in his evidence that the Beardstown Fish Company had no fishery rights in these waters prior to the conveyance to Condit. They had no ground of complaint or right to interfere with appellee in dragging the waters of Wood Slough upon the Christie & Lowe tract, and appellee, having cast his seine and confined therein the fish from these waters and made the seine secure in waters in which appellant or the Beardstown Fish Company had no interest or right whatever, neither appellant nor the Beardstown Fish Company had any right to interfere therewith, and while appellee may have been a trespasser upon the land or waters of the Christie & Lowe tract, neither appellant nor Beardstown Fish Company occupied any better position, and at the time these fish were released from the seine appellant was also a trespasser in the waters in which these fish were confined and secured by appellee and he had, neither for himself nor the Beardstown Fish Company, any right to release from the seine the fish confined therein. While it may be conceded that appellee was a trespasser in regard to Christie & Lowe, this fact gave appellant no right to interfere with or release the fish confined within appellee's seine. Scott v. Bryson, 74 Ill. 420; State v. House, 65 N. Car. 315; State v. Shaw, 60 L. R. A. 481.

The Supreme Court of this State has held in the People v. Bridges, 142 Ill. 30, that fish in streams or bodies of water are always classed by the common law as *ferae naturae,* in which the riparian proprietor or owner of the soil covered by the water, although he may have the exclusive right of fishing, has at best a qualified property therein and this is wholly

divested the moment the fish escape to other waters. None of the fish claimed to have been taken by appellee in his seine were ever in the possession or confined in any way by appellant or the Beardstown Fish Company and if they were captured in waters over which the appellant or the Beardstown Fish Company did not have the absolute riparian rights, then they have no right to complain of the capture of these fish; and in this case the jury determined by its verdict that the fish were not entrapped in the seine or caught within the waters over which either appellant or the Beardstown Fish Company had any control.

Appellant insists that the instructions given on behalf of appellee are erroneous in that they do not contain all the elements necessary to be determined in his favor before a recovery can be had, yet they direct a verdict; and it is insisted that the error consists in the fact that the instruction omits all question as to whether the fish were held captive in the seine in waters upon the lands of the Beardstown Fish Company.

Appellant's plea sets forth that a part of the fish were confined and held captive in waters within the boundaries of the lands of the Beardstown Fish Company, and by reason thereof he was justified in releasing all the fish confined within the seine. No question was raised concerning the legal sufficiency of this plea; but replication was filed denying the fish or any part thereof were confined or held captive within the waters of the Beardstown Fish Company.

Waiving all question as to the legal sufficiency of this plea, there is no competent evidence in the record to sustain the plea.

The witnesses who testified on this question had no personal knowledge of the exact location of the line between the northwest quarter and the southwest quarter of section 35, and this was the north line of the waters of the Beardstown Fish Company. The wit-

nesses knew this line only as it had been pointed out to them or they had been told where it was by others.

The burden of proof was on appellant to establish this plea by competent evidence showing the fish were when released south of the north line of the Beardstown Fish Company; this he failed to do and without evidence to support the averments of this plea it was not necessary that the question as to where the fish were confined be contained in the instructions of appellee in order to permit a recovery. Appellant did not attempt to submit this question to the jury by any of his instructions.

The evidence in this case fully justified the finding of the verdict herein and fully warranted the jury in finding that the fish herein confined in the seine were not caught in the waters of appellant or the Beardstown Fish Company or in any waters upon which they had the exclusive right of fishing. There is no serious error in any of the instructions given or refused by the trial court and there being no reversible error in this record, the judgment below is affirmed.

*Affirmed.*